IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANDREW BANKHEAD                                                              PLAINTIFF

V.                                                         CIVIL ACTION NO. 3:17-CV-70-SA-RP

CITY OF CLEVELAND, and
CHARLES BINGHAM                                                             DEFENDANTS

ORDER AND MEMORANDUM OPINION

After filing a charge with the Equal Employment Opportunity Commission and receiving a "right-to-sue" letter, Andrew Bankhead filed his Complaint [1] in this Court against the City of Cleveland, Mississippi and Cleveland Police Chief Charles Bingham. Now before the Court is the Defendants' Motion for Summary Judgment [13] requesting summary judgment in their favor on all of Plaintiff Bankhead's claims. The Plaintiff failed to respond and the allotted time for doing so is expired. *See* L. U. Civ. R. 7(b)(4).

*Preliminary Matters*

The Plaintiff is proceeding *pro se*, and the Court will construe his pleadings liberally. *See McCreary v. Richardson*, 738 F.3d 651, 657 (5th Cir. 2013). After examining the Plaintiff's Complaint and the attached Charge of Discrimination, it appears to the Court that the Plaintiff has brought a claim for race discrimination, and a claim for retaliatory termination under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e *et seq*. The Plaintiff alleges that the City and Bingham failed to promote him to the position of inspector because he is African American, and instead promoted two white candidates. The Plaintiff further alleges that the Defendants later fired him in retaliation for filing a Charge of Discrimination with the Equal Employment Opportunity Commission related to his failed promotion.

The Plaintiff failed to respond to the Defendants' requests for admission served under Federal Rule of Civil Procedure 36.[1] The Defendants now argue that the Plaintiff's failure to respond to their requests for admission deems the matters contained within the requests admitted and conclusively established. The Court agrees. *See* FED. R. CIV. P. 36(a)(3), (b). Although the Court is fully aware of its obligation to construe *pro se* pleadings liberally, a *pro se* Plaintiff is not excused from the procedures and obligations mandated by the Federal Rules. *See Coleman v. Wells Fargo Bank Nat'l Ass'n*, No. A-12-CV-032 LY, 2012 WL 12886432, at *1 (W.D. Tex. July 27, 2012) (citing *Douglass v. United Services Auto. Ass'n*, 65 F.3d 452, 455 n.4 (5th Cir. 1995)); *see also Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). By operation of Rule 36, the matters contained in the Defendants' requests for admission, and not answered or objected to by the Plaintiff, are deemed admitted and conclusively established. *See* FED. R. CIV. P. 36(a)(3), (b).

With these preliminary matters addressed, the Court will now take up the substance of the Defendants' request for summary judgment.

*Standard of Review*

Federal Rule of Civil Procedure 56 governs summary judgment. Summary judgment is warranted when the evidence reveals no genuine dispute regarding any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

---

[1] Based on a review of the Docket and the arguments regarding discovery in the Defendants' summary judgment briefing, it appears that the Plaintiff has not participated in the prosecution of his case since he filed his proofs of service for his complaint in May of 2017.

In reviewing the evidence, factual controversies are to be resolved in favor of the non-movant, "but only when . . . both parties have submitted evidence of contradictory facts." procedural *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the Court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. 2548. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. 2548 (citation omitted). This Court has no duty to "sift through the record in search of evidence to support" the nonmovant's opposition to summary judgment. *Edwards v. Cont'l Cas. Co.*, 841 F.3d 360, 363 (5th Cir. 2016) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992)).

The Court notes that the Plaintiff failed to respond to the pending motion for summary judgment and wholly failed to "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. 2548 (citation omitted). Although the Plaintiff clearly failed to meet his responsibility in the summary judgment context, out of an abundance of caution, the Court conducted an independent review of the entire record in this case and will analyze the relevant issues based on this review.

*Discussion and Analysis*

As noted above, the Plaintiff alleges that the Defendants refused to promote him because of his race, and that the Defendants then fired him in retaliation for filing a Charge of

Discrimination. The Defendants respond by arguing that the Plaintiff, by way of his failure to respond to discovery, has admitted that his failed promotion and termination had nothing to do with his either his race or his filing with the Commission. The Defendants argue in the alternative, that even if the Plaintiff had not made these admissions, both of his claims fail because he has not brought forth any evidence of pretext.

The requests for admission propounded by the Defendants include the following:

> REQUEST FOR ADMISSION NO. 1: Please admit that the City/Chief Bingham's determination not to promote you to investigator was based on legitimate non-discriminatory reasons that had nothing to do with your race, i.e., your scores on the interview criteria were lower than the candidates hired.
> REQUEST FOR ADMISSION NO. 2: Please admit that you scored lower on the City/Chief Bingham's grading rubric for the position of investigator than both Joe Smith and Travis Tribble.
> REQUEST FOR ADMISSION NO. 3: Please admit that the City's termination of you and Chief Bingham's recommendation to terminate had nothing to do with your race.
> REQUEST FOR ADMISSION NO. 4: Please admit that the City's termination of you and Chief Bingham's recommendation to terminate you had nothing to do with your EEOC filings.
> REQUEST FOR ADMISSION NO. 5: Please admit that the City terminated you and Chief Bingham recommended you for termination because you violated policy by using excessive force on a woman during a traffic stop.
> REQUEST FOR ADMISSION NO. 6: Please admit that the City's decision not to promote you to investigator and Chief Bingham's recommendation not to promote you had nothing to do with your race and was determined by your scores in the grading rubric for investigator.

Based on the Plaintiff's failure to respond, the Court finds these matters both admitted and conclusively established. *See* FED. R. CIV. P. 36(a)(3), (b). Because these admissions encompass the totality of the Plaintiff's claims, the Court finds that summary judgment in the Defendant's favor is warranted on this basis.

Even if this were not the case, the Plaintiff's failure to bring forth any evidence of pretext is likewise fatal to his claims. Both the Plaintiff's failure to promote and retaliation claims are subject to the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973); *see also Autry v. Fort Bend Indep. Sch. Dist.*, 704 F.3d 344, 347 (5th Cir. 2013); *Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 219 (5th Cir. 2016).

If a plaintiff establishes a presumption of discrimination by establishing a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions.[2] *Reeves*, 530 U.S. at 142, 120 S. Ct. 2097; *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254–56, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). The burden on the employer "is one of production, not persuasion; it 'can involve no credibility assessment.'" *Reeves*, 530 U.S. at 142, 120 S. Ct. 2097 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509, 113 S. Ct. 2742, 125 L. Ed. 2d 407 (1993)).

If the employer sustains its burden, the *prima facie* case is dissolved, and the burden shifts back to the plaintiff to establish either: (1) that the employer's proffered reason is not true but is instead a pretext for discrimination; or (2) that the employer's reason, while true, is not the only reason for its conduct, and another "motivating factor" is the plaintiff's protected characteristic. *Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004)).

In response to the Plaintiff's claims, the Defendants have articulated the following proposed legitimate, non-discriminatory reasons for their actions. As to the failed promotion, the

---

[2] Based on the limited pleadings and documents provided by the Plaintiff it is unclear whether he can establish a *prima facie* case for either of his claims. It does appear that some of the elements, especially with regard to his retaliation claim are present. Because the briefing is limited, and because the Defendants focus the bulk of their summary judgment arguments on pretext, the Court will focus its inquiry there as well.

Defendants state that the Plaintiff was not promoted because he had a lower combined score than the successful candidates on a non-discriminatory rubric that considered his interview, a test, his education, and his tenure. As to the termination, the Defendants state that they fired the Plaintiff for insubordination, and for violating several department policies, including the use of force policy, during a traffic stop in which the Plaintiff tased a suspect.

Because the Defendants sustained their burden of producing legitimate, non-discriminatory reasons for their actions, the burden shifts to the Plaintiff to "produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Outley*, 840 F.3d at 216 (citing *Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 233 (5th Cir. 2015); *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)). As noted above, the Plaintiff has wholly failed to produce any evidence of pretext, and the Court's independent review of the record has not uncovered any evidence of pretext either. Because the Plaintiff clearly failed to meet his burden, summary judgment is warranted in the Defendants' favor on all of the Plaintiff's claims. *See McDonnell Douglas*, 411 U.S. at 802, 93 S. Ct. 1817; *Autry*, 704 F.3d at 347; *Outley*, 840 F.3d at 219.

*Conclusion*

For all of the reasons fully explained above, the Defendants' Motion for Summary Judgment [13] is GRANTED. This CASE is DISMISSED with prejudice, and this CASE is CLOSED.

It is SO ORDERED on this the 28th day of June, 2018.

    /s/ Sharion Aycock
    UNITED STATES DISTRICT JUDGE